UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 3:10-cv-1068 |
| BLAKE WILLIAMS, TBECK CAPITAL, INC., | § | |
| WARREN STREET INVESTMENTS, INC., | § | |
| VICTORIA FINANCIAL CONSULTANTS, LLC, | § | |
| BGW ENTERPRISES, INC., DEREK LOPEZ, and | § | |
| DA BIG KAHUNA, LLC, | § | |
| Defendants. | § | |

## DEFENDANT'S ORIGINAL ANSWER

**COMES NOW,** Defendants Derek Lopez and Da Big Kahuna, LLC, and files this their original answer to the Securities Exchange Commission's original complaint.

### A. Admissions & Denials

1. Defendants deny the allegations contained in Plaintiff's Summary at Paragraph 1.

2. Defendants deny the allegations contained in Plaintiff's Summary at Paragraph 2.

3. Defendants deny the allegations contained in Plaintiff's Summary at Paragraph 3.

4. Defendants deny the allegations contained in Plaintiff's Summary at Paragraph 4.

5. Defendants deny the allegations contained in Plaintiff's Summary at Paragraph 5.

6. Defendants admit jurisdiction and venue as set out by Paragraphs 6 and 7.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 8, as Paragraph 8 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 9, as Paragraph 9 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 10, as Paragraph 10 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 11, as Paragraph 11 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 12, as Paragraph 12 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 13, as Paragraph 13 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of Paragraph 14, as Paragraph 14 does not make any allegation against Defendant Lopez or Da Big Kahuna, LLC.

14. Defendants admit the allegations at Paragraph 15, with the additional comment that Defendant Lopez is now forty-three (43) years old, not forty-two (42), and to the extent that he was one of several registered representatives on brokerage accounts held by Williams and the Williams Entities.

15. Defendants admit to the allegations contained in Paragraph 16.

16. Defendants admit to the background as provided for Advanced Growing Systems, Inc. at Paragraph 17 to the extent of the information provided to Defendant Lopez him or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Advanced Growing Systems, Inc.

17. Defendants admit to the background as provided for Axium Technologies, Inc.,. at Paragraph 18 to the extent of the information provided to Defendant Lopez or discovered

by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Axium Technologies, Inc.

18. Defendants admit to the background as provided for Bluefire Ethanol Fuels, Inc., at Paragraph 19 to the extent of the information provided to him or discovered by Defendant Lopez during the relevant time period, but denies any allegation that Defendant Lopez "targeted" Bluefire Ethanol Fuels, Inc.

19. Defendants admit to the background as provided for Datascension, Inc., at Paragraph 20 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Datascension, Inc.

20. Defendants admit to the background as provided for Interlink Global Corp., at Paragraph 21 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Interlink Global Corp, or having any connection with this company.

21. Defendants admit to the background as provided for Medirect Latino, Inc., at Paragraph 22 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Medirect Latino, Inc.

22. Defendants admit to the background as provided for National Automation Services, Inc., at Paragraph 23 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" National Automation Services, Inc.

23. Defendants admit to the background as provided for Packaged Home Solutions, Inc., at Paragraph 24 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Packaged Home Solutions, Inc.

24. Defendants admit to the background as provided for Pet Ecology Brands, Inc. at Paragraph 25 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time period, but denies any allegation that he "targeted" Pet Ecology Brands, Inc.

25. Defendants admit to the background as provided for Remote Surveillance Technologies, Inc., at Paragraph 26 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time periods, but denies any allegation that he "targeted" Remote Surveillance Technologies, Inc.

26. Defendants admit to the background as provide for Riverdale Oil and Gas Corporation, at Paragraph 27 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time periods, but denies any allegation that he "targeted" Riverdale Oil and Gas Corporation, or that he has any connection with the company.

27. Defendants admit to the background as provided for Straight Up Brands, Inc., at Paragraph 28 to the extent of the information provided to Defendant Lopez or discovered by Defendant Lopez during the relevant time periods, buy denies any allegation that he "targeted" Straight Up Brands, Inc.

28. Defendants deny the allegations in Paragraph 29.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 30.

30. Defendants deny the allegations in Paragraph 31 to the extent that Defendant Lopez did not knowingly or intentionally distribute any unregistered shares of Axium or Packaged Home stock, and deny that Defendants participated in any scheme to do so.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 32.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 33.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 34.

34. Defendants admit to the allegations contained in Paragraph 35 to the extent of his knowledge, but not participation.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 36.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 37.

37. Defendants admit at Paragraph 38 that the Williams Entities transferred shares to individuals and entities, but deny any knowledge that they were involved any scheme to commit fraud or had any knowledge that the shares were supposed to be registered for offering.

38. Defendants admit to the receipt of shares, but deny knowledge at Paragraph 39 that the securities transferred were falsely claimed exemptions, or having any part in the transactions.

39. Defendants admits to receipt of transferred shares of Packaged Home , but deny knowledge at Paragraph 40 that the securities transferred were falsely claimed exemptions, or having any part in the transactions.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 41.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 42.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 43.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 44.

44. Defendants deny the allegations contained at Paragraph 45.

45. Defendants deny the allegations contained in Paragraph 46.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 47.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 48.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 49.

49. Defendants deny the allegations contained in Paragraph 50, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 50 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market for their benefit.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 51.

51. Defendants deny the allegations contained in Paragraph 52, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 52 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market for their benefit.

52. Defendants deny the allegations contained in Paragraph 53, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 53 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market for their benefit.

53. Defendants deny the allegations contained in Paragraph 54.

54. Defendants deny the allegations contained in Paragraph 55, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 55 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market, including "bid support," controlling the float, coordinated trading and trading from multiple accounts.

55. Defendants deny the allegations contained in Paragraph 56, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 56 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

56. Defendants deny the allegations contained in Paragraph 57, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 57 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

57. Defendants deny the allegations contained in Paragraph 58, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 58 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

58. Defendants deny the allegations contained in Paragraph 59, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 59 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

59. Defendants deny the allegations contained in Paragraph 60, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 60 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

60. Defendants deny the allegations contained in Paragraph 61, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 61 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

61. Defendants deny the allegations contained in Paragraph 62, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 62 as it pertains to other defendants and the extent that they deny any involvement with regard to the pooling of the Williams Entities of shares during the lock-up period.

62. Defendants deny the allegations contained in Paragraph 63, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 63 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

63. Defendants deny the allegations contained in Paragraph 64, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 64 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in trading from multiple accounts for any fraudulent means.

64. Defendants deny the allegations contained in Paragraph 65, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 65 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

65. Defendants deny the allegations contained in Paragraph 66.

66. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 67, and specifically deny any knowledge or involvement in the manipulation of the market which allegedly resulted in the price of the subject stock being materially affected, or that Defendant Lopez attempted to conceal or hide any activity from his employer.

67. Defendants deny the allegations contained in Paragraph 68.

68. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 69.

69. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 70.

70. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 71.

71. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 72.

72. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 73.

73. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 74.

74. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 75.

75. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 76.

76. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 77.

77. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 78.

78. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 79.

79. Defendants are without knowledge or information as to form a belief as to the truth of Paragraph 80.

80. Defendants deny the allegations contained in Paragraph 81, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 81 as it pertains to other defendants and to the extent that they deny any involvement in the manipulation of the market.

81. Defendants deny the allegations contained in Paragraph 82, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 82 as it pertains to other defendants and to the extent that they deny trading Axium stock for any reason other than a belief in the company's ability to succeed and grow

82. Defendants deny the allegations contained in Paragraph 83, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of Paragraph 83 as it pertains to other defendants and to the extent that they deny knowledge or involvement in any attempt to manipulate the market.

83. Defendants deny the allegations contained in Paragraph 84, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 84 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

84. Defendants deny the allegations contained in Paragraph 85 to the extent that the email communication contained in Paragraph 85 is taken out of context.

85. Defendants deny the allegations contained in Paragraph 86 to the extent that the email communication contained in Paragraph 86 is taken out of context.

86. Defendants deny the allegations contained in Paragraph 87, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 87 as pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market, and to the extent that the email communication is taken out of context and the statement was not made by Defendant Lopez.

87. Defendants deny the allegations contained in Paragraph 88, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 88 as pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market, and to the extent that they were involved in any trading scheme or targeted any company, caused unregistered distributions of stock, manipulated the market or intentionally dumped stock.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 89.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 90.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 91.

91. Defendants deny the allegations contained in Paragraph 92, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 92 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

92. Defendants deny the allegations contained in Paragraph 93, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 93 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

93. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 94.

94. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 95.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 96.

96. Defendant admits to transferring shares of Axium stock to a purchaser in Paragraph 97, but only to the extent that it was a legitimate sale and not related to any fraudulent activity or in relation to any fraudulent activity or connection to any scheme to manipulate the market or benefit from that manipulation.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 98.

98. Defendants admit to the allegations contained in Paragraph 99, but only to the extent that Lopez and Da Big Kahuna traded Axium stock for a profit of $28,000.00. Defendants deny any knowledge that those stocks were not properly registered or that the legend or lack thereof was not properly handled by Evans beforehand. The shares of Axium stock received were received for services rendered.

99. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 100.

100. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 101.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 102.

102. Defendants admit the allegations contained in Paragraph 103, but only to the extent that Bluefire stock was sold by them, but deny that $28,000.00 profit was realized. Plaintiff is not offsetting the profit by the cost basis of the stocks.

103. Defendants deny the allegations contained in Paragraph 104, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 104 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

104. Defendants deny the allegations contained in Paragraph 105, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 105 as it pertains to other defendants and to the extent that the email communication detailed was not initiated by Defendant Lopez.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 106.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 107.

107. Defendants deny the allegations contained in Paragraph 108, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 108 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

108. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 109.

109. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 110.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 111.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 112.

112. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 113.

113. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 114.

114. Defendants admit to the allegations at Paragraph 115, but only to the extent that they sold 20,000 shares of Interlink's stock, but deny that $20,000.00 profits was realized, as Defendant Lopez had a $19,000.00 cost basis for the stocks sold.

115. Defendants deny the allegations contained in Paragraph 116, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 116 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

116. Defendants deny the allegations contained in Paragraph 117, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 117 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 118.

118. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 119.

119. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 120.

120. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 121.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 122.

122. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 123.

123. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 124.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 125.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 126.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 127.

127. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 128.

128. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 129.

129. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 130.

130. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 131.

131. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 132.

132. Defendants deny the allegations contained in Paragraph 133, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 133 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market. Defendants further deny the context that the email communication is being presented in and the allegation, in that context, that Defendant Lopez was involved in any wrongdoing or that the email was meant to convey any knowledge or interest in the manipulation of stock prices.

133. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 134.

134. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 135.

135. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 136.

136. Defendants admit the allegations contained in Paragraph 137, but only to the extent that stock was sold by them, but deny that $2,000.00 profit was realized. Plaintiff is not taking into account Defendants' cost basis for the stocks sold.

137. Defendants deny the allegations contained in Paragraph 138, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 138 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

138. Defendants deny the allegations contained in Paragraph 139, to the extent that they are without knowledge or information sufficient to form a belief as to the context and truth of the email contained in Paragraph 139 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market. Defendants further deny the context that the email communication is being presented in and the allegation, in that context, that Defendant Lopez was involved in any wrongdoing or that the email was meant to convey any knowledge or interest in the manipulation of stock prices. Further, Defendant Lopez was not the maker of the email, and therefore has no knowledge of the context the maker of the email meant to imply in his communication to Defendant Lopez, only the context Defendant Lopez took the email to mean.

139. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 140.

140. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 141.

141. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 142.

142. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 143.

143. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 144.

144. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 145.

145. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 146.

146. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 147.

147. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 148.

148. Defendants admit the allegations contained in Paragraph 149, but only to the extent that they traded $25,000 shares of stock during the relevant time period. Defendants deny any allegation or insinuation that there was anything fraudulent in the purchase and sale of those stocks.

149. Defendants deny the allegations contained in Paragraph 150, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 150 as pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

150. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 151.

151. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 152.

152. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 153.

153. Defendants admit to the allegations in Paragraph 154, but only to the extent that Defendants traded in Remote Surveillance stock, however these shares were authorized by Dr. Lawrence Harper and approved for sell for services rendered.

154. Defendants deny the allegations contained in Paragraph 155, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 155 as pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

155. Defendants deny the allegations contained in Paragraph 156, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 156 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

156. Defendants deny the allegations contained in Paragraph 157, or the insinuation that the stock prices resulted from any manipulation or participation by Defendant Lopez.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 158.

158. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 159.

159. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 160.

160. Defendants deny the allegations contained in Paragraph 161, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 161 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

161. Defendants deny the allegations contained in Paragraph 162, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 162 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

162. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 163.

163. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 164.

164. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 165.

165. Defendant admits to the allegations contained in Paragraph 166, but contend that the stocks were purchased in good faith, and based on his belief in the company's success.

166. Defendants deny the allegations contained in Paragraph 167, to the extent that they are without knowledge or information sufficient to form a belief as to the truth contained in Paragraph 167 as it pertains to other defendants and to the extent that they deny any knowledge or involvement in the manipulation of the market.

167. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 168.

168. Defendants deny the allegations contained in Paragraph 169, to the extent that Defendants deny the context of the email as it is presented in, and further deny that any purchase of Straight Up stock was purchased in good faith, because he believed in the company and for no other reason.

169. Defendants deny the allegations contained in Paragraph 171.

170. Defendants deny the allegations contained in Paragraph 172, to the extent that they are without knowledge or information sufficient to form a belief as to the truth of the email contained in Paragraph 172 as it pertains to other defendants and to the extent that they

deny any association or involvement with the registration and exemption status of the stocks involved in the instant lawsuit.

171. Defendants deny the allegations contained in Paragraph 173.

172. Defendants deny the allegations contained in Paragraph 175.

173. Defendants deny the allegations contained in Paragraph 176.

174. Defendants deny the allegations contained in Paragraph 178.

175. Defendants deny the allegations contained in Paragraph 179.

176. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 181.

177. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 182.

178. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 183.

### B. Conditions Precedent

179.    Plaintiff has not performed all conditions precedent that it was required to perform before filing suit.

### C. Prayer

180.    For these reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss the Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief to which they are entitled.

Respectfully submitted,

The Rogers Law Firm, P.C.
108 E. Chambers Street
Cleburne, Texas 796031
Tel. (817) 558-4323
Fax (817) 645-2175

_____/s/ Michael J. Rogers_____
Michael J. Rogers
State Bar No.: 24004895

Attorney for Defendants Derek Lopez]
and Da Big Kahuna, LLC

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of Defendants' Original Answer by U.S. Certified Mail, Return Receipt Request, to David Williams, attorney for the Securities Exchange Commission, whose address is 100 F. Street, N.E., Washington, D.C., 20549.

_____/s/ Michael J. Rogers_____
Michael J. Rogers